BAKER et al. v. FOGLE et al. (No. 3257.)

(Supreme Court of Texas. March 10, 1920.)

APPEAL AND ERROR ⚙⇒1114—FOR DETERMINATION OF ASSIGNMENTS NOT WITHIN JURISDICTION OF SUPREME COURT CASE WILL BE REMANDED TO COURT OF CIVIL APPEALS.

Where certain undetermined assignments of error are not within the jurisdiction of the Supreme Court, it is necessary, the cause being reversed, to remand the case to the Court of Civil Appeals to secure determination of them.

Error to Court of Civil Appeals of First Supreme Judicial District.

On motions for rehearing. Former opinion modified, and motion overruled.

For former opinion, reversing judgment of the Court of Civil Appeals (205 S. W. 752), see 217 S. W. 141.

Hutcheson & Bryan, of Houston (A. D. Dyess, of Houston, of counsel), for plaintiffs in error.

F. R. Switzer and Sam, Bradley & Fogle, all of Houston, for defendants in error.

GREENWOOD, J. The motion for rehearing of plaintiffs in error will be overruled. We concur in the decision of the Court of Civil Appeals that there was no evidence to show that the deed from Wesley Baker to C. R. Brace was forged. Without such evidence, there is no basis for the contention that defendants in error, in the absence of the statute of limitations of five years, would deraign title through a forged deed or that defendants in error claim under a forged deed. Hence we deem it unnecessary in this case to either approve or disapprove of the holding of the Court of Civil Appeals as to the law

---

applicable to such a contention, on the assumption that the deed was forged.

While otherwise adhering to our original opinion, we have concluded that, as urged in the motion for rehearing of defendants in error, we were in error in affirming the judgment of the district court, for the reason that it appears that on the appeal by defendants in error the Court of Civil Appeals did not pass upon certain assignments of error urged by defendants in error, because of the decision that defendants in error were entitled to recover the land in controversy, irrespective of those assignments. Some of the undetermined assignments are not within the jurisdiction of this court, and it is therefore necessary to remand the case to the Court of Civil Appeals. Bird v. Ft. W. & R. G. Ry. Co., 207 S. W. 520.

It is therefore ordered that the judgment heretofore entered herein be set aside, and that the judgment of the Court of Civil Appeals be reversed, and that this cause be remanded to the Court of Civil Appeals for the determination of the assignments of error, not heretofore passed upon, and for such further proceedings, not inconsistent with our conclusions, as may be required by the disposition to be made of said undetermined assignments of error.

The costs on the motions for rehearing will be taxed against plaintiffs in error, who will recover all other costs in this court.